# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASLIN MARTINEZ, | : | NO. 4:25-CV-00014 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff Yaslin Martinez brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. *See* Transcript, doc. 9-2 at 20. She challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment in several respects. Pl.'s Br., doc. 14 at 1. Because the ALJ recognized Martinez's carpal tunnel syndrome as a medically determinable, non-severe impairment, but failed to provide

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

any discussion of the effect of that impairment in assessing Martinez's residual functional capacity, the Court will vacate the decision and remand to the Commissioner for further proceedings.

## I.    BACKGROUND

### A.    Procedural History

On January 17, 2022, Martinez applied for disability insurance benefits under Titles II and XVI of the Social Security Act, alleging disability as of January 1, 2021. Doc. 9-2 at 20. Following an initial denial, Martinez submitted an appeal, requesting a hearing before an Administrative Law Judge. Doc. 9-4 at 50. The ALJ conducted the hearing and determined that Martinez is not disabled. Doc. 9-2 at 14.

Martinez filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Martinez's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 14, 15, 20) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all

proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

## B.    The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1.    has engaged in substantial gainful activity since the onset of the alleged disability;

2.    had a severe medically determinable impairment;

3.    suffered from an impairment listed in the regulations as presumptively disabling;

4.    could return to his past work; and

5.    could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful

employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C.    Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Martinez "has not been under a disability . . . from January 1, 2021, through the date of this decision." Doc. 9-2 at 37. Most relevant here, the ALJ determined at the RFC stage that Martinez has the ability:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb ramps, stairs, ladders, ropes or scaffolds. She can frequently stoop. The claimant can occasionally kneel, crouch or crawl. She can understand, remember or carry out simple instructions. The claimant can deal with occasional changes in a routine work setting. The claimant can perform tasks within a schedule and at a consistent pace. The claimant can make judgments on simple, work-related decisions. She can frequently interact with the public, coworkers and supervisors in a routine work setting.

*Id.* at 28. The ALJ denied Martinez's disability claim at step five, after considering Martinez's "age, education, work experience, and residual functional capacity," because he found that "the claimant is capable of making a successful adjustment to other work that exists in significant

numbers in the national economy." *Id.* at 37. The ALJ found that Martinez can perform three jobs: marker, routing clerk, and cleaner. *Id.* at 36-37.

Martinez raises three issues on appeal, arguing that the ALJ erred at the RFC stage by: (1) failing to account for her carpal tunnel syndrome and related manipulative limitations in the RFC; (2) relying on outdated state agency and consultative examiner's opinions; and (3) crafting a mental RFC unsupported by substantial evidence. Doc. 14 at 1.[2]

## II.    **LEGAL STANDARD**

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D.

---

[2] Because the Court will vacate and remand the decision of the Commissioner for further consideration based on Martinez's first argument, the Court will decline to address her remaining arguments. "A remand may produce different results on these claims, making discussion of them moot." *Burns v. Colvin*, 156 F. Supp. 3d 579, 598 (M.D. Pa. 2016).

Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v.*

Page 6 of 13

*Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Martinez is disabled, but whether the Commissioner's finding that Martinez is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan,* 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the

Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  <u>ANALYSIS</u>

Martinez argues that the ALJ erred at the RFC stage and at step five of the disability determination process by failing to consider the effects of her carpal tunnel syndrome at the RFC stage. *See* doc. 14 at 10-13. For support, she cites SSR 96-8p, which states:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

SSR 96-8P, 1996 WL 374184, at *5 (July 2, 1996). Martinez argues that, had the ALJ properly considered the manipulative limitations caused by her carpal tunnel and included a limitation to occasional handling and

fingering in the RFC, all three of the jobs the ALJ found she could perform would be excluded, because they all require frequent reaching and handling. *Id.* at 13.

The Commissioner responds that the ALJ's decision not to include limitations arising from carpal tunnel syndrome was justified by evidence in the record. Doc. 15 at 10-11. But the Commissioner cites only to the ALJ's analysis at step two, leading him to find that Martinez's carpal tunnel syndrome was not severe. "The Commissioner's procedures do not permit the ALJ to simply rely on his [initial] finding of non-severity as a substitute for a proper RFC analysis." *Kich v. Colvin,* 218 F. Supp. 3d 342, 355 (M.D. Pa. 2016) (citation modified). The Commissioner cannot re-do the RFC analysis in briefing, creating *post hoc* rationalizations for why the ALJ excluded a limitation when the ALJ himself failed to address the impairment at the RFC stage in the first instance.

The Court will remand because the ALJ erred by failing to assess Martinez's non-severe carpal tunnel syndrome when determining her RFC, in contravention of Social Security regulations, and the error was not harmless. Social Security regulations require ALJs to assess non-

severe impairments along with severe ones at step two and step four when setting a claimant's RFC. *Weitzel v. Colvin*, 967 F. Supp. 2d 1089, 1097 (M.D. Pa. 2013). This is the case because although a non-severe impairment standing alone may not significantly limit an individual's ability to do basic work activities, when considered with limitations due to other impairments, it may narrow the range of other work that the individual may still be able to do. SSR 96-8P, 1996 WL 374184, at *5.

Courts in the Third Circuit have confirmed that "all of [a claimant's] medically determinable impairments both severe and non-severe must be considered at step two and then at step four when setting the residual functional capacity." *Weitzel*, 967 F. Supp. 2d at 1097; *See also Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) ("The ALJ must consider all relevant evidence when determining an individual's residual functional capacity in step four."). Likewise, courts in this district have clearly expressed that "even if the ALJ properly determines that a claimant's impairments are non-severe at step two[,] a finding of non-severity does not eliminate those impairments from consideration of his or her overall ability to perform past work." *Binner v. Kijakazi*, No. 22-122, 2023 WL 35328, at *6 (M.D. Pa. Jan. 4, 2023) (citation modified); *Glass v.*

Page 10 of 13

*Bisignano*, No. 4:25-55, 2026 U.S. Dist. LEXIS 154410, at \*10 (M.D. Pa. July 13, 2026) (same).

Here, the ALJ erred by neglecting to assess Martinez's non-severe carpal tunnel syndrome at step four of the sequential analysis, before making his RFC determination or finding that she could perform past relevant work. At step two of the inquiry, the ALJ acknowledged that Martinez had the medically determinable impairment of bilateral carpal tunnel syndrome and found it to be non-severe. Doc. 9-2 at 23. At step four, however, the ALJ failed to discuss whether and how carpal tunnel syndrome could impact Martinez's ability to work.

The Commissioner tries to reframe the issue, arguing that Martinez failed to carry her burden of proof (doc. 15 at 11), but fails to appreciate that the ALJ cannot exclude from all consideration an impairment that he had previously found to be medically determinable, albeit non-severe, without any further discussion at the RFC stage of the impairment or its impact on Martinez's ability to work. An ALJ's finding that impairments are "non-severe at step two does not permit the ALJ to simply disregard those impairments when assessing a claimant's RFC and making

Page 11 of 13

conclusions at step four and five." *Kich,* 218 F. Supp. 3d at 356 (citation modified). Therefore, the ALJ erred.

And the error was not harmless. The ALJ failed to address Martinez's carpal tunnel syndrome at the RFC stage, either to include some limitation to account for related symptoms or to explain why he chose not to do so. Consideration of this impairment may have led to a different RFC, which could have narrowed the jobs that Martinez could perform, possibly excluding marker (DICOT 209.587-034), routing clerk (DICOT 222.687-022), and cleaner (DICOT 323.687-014), all of which require frequent handling. *See* 9-2 at 36-37. Because the ALJ's exclusion of carpal tunnel syndrome from his RFC analysis may have impacted his disability determination, remand is warranted. *See Minarsky v. Kijakazi*, 747 F. Supp. 3d 801, 816 (M.D. Pa. 2024) (an error is not harmless and warrants remand when there is "reason to believe that the remand might lead to a different result.").

## IV.  CONCLUSION

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record,

conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order follows.

Date: July 17, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge